UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD TREVINO, | 1:07-cv-00169 LJO DLB (HC) |
| Petitioner, | ORDER GRANTING MOTION TO VACATE JUDGMENT, AND VACATING ORDER AND ENTRY OF JUDGMENT ISSUED MARCH 24, 2010 |
| v. | |
| KATHY MENDOZA-POWERS, Warden, | [Docs. 33, 34, 38] |
| Respondent. | ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING ENTRY OF JUDGMENT FOR PETITIONER, AND GRANTING STAY OF ORDER FOR RESPONDENT TO FILE NOTICE OF APPEAL WITH NINTH CIRCUIT COURT OF APPEALS |
| / | [Doc. 30] |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  Order Adopting Findings and Recommendation

On March 24, 2010, the undersigned adopted the Findings and Recommendation in full and judgment was entered. (Court Docs. 33, 34.) However, on March 24, 2010, Respondent filed a reply to the Court's order.[1] (Court Doc. 35.) Petitioner filed a response on March 25, 2010. (Court Doc. 37.) Both parties correctly point out that the Court's March 24, 2010, was premature as the deadline to file a reply to any objections was that day. Accordingly, the Court

---

[1] It appears Respondent filed the same reply twice on the same day. (Court Doc. 36.)

1  will hereby vacate the order issued March 24, 2010, and said order is re-issued herein.

2         On February 5, 2010, the Magistrate Judge issued Findings and Recommendation that the
3  Petition for Writ of Habeas Corpus be GRANTED.  This Findings and Recommendation was
4  served on all parties and contained notice that any objections were to be filed within thirty (30)
5  days of the date of service of the order.

6         On March 10, 2010, Petitioner and Respondent filed timely objections to the Findings
7  and Recommendation.  (Court Docs. 31, 32.)

8         In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted
9  a *de novo* review of the case.  In his reply, Respondent argues, among other things, that because
10 Petitioner is subject to an *indeterminate* lifetime parole period pursuant to California Penal Code
11 section 3000.1, he is not entitled to credit against that period of time.  (Court Doc. 35, Reply at
12 3.)  The Court finds Respondent's argument persuasive on this point.  Because Petitioner's crime
13 was committed after January 1, 1983, he is subject to a lifetime term of parole under section
14 3000.1, and he is not entitled to credit for the period of incarceration beyond the date he should
15 have been released pursuant to the Board of Parole Hearings' 2005 decision.  See e.g. Rios v.
16 Mendoza-Powers, 2010 WL 1032696 *1-3 (E.D. Cal.)  Respondent's objections present no
17 further grounds for questioning the Magistrate Judge's analysis.

18        The Court notes that on April 22, 2010, subsequent to the Findings and Recommendation,
19 the Ninth Circuit Court of Appeals rendered its decision in Hayward v. Marshall, 603 F.3d 546
20 (9th Cir.2010) (en banc). In Hayward, the Ninth Circuit held that "[t]here is no general
21 constitutional 'some evidence' requirement for denial of parole, in the absence of state law
22 creating an enforceable right to parole." Id. at 559.  However, the Ninth Circuit held that in
23 reviewing a California judicial decision approving a governor's or parole board's decision, the
24 federal court must determine whether that decision "was an 'unreasonable application' of the
25 California 'some evidence' requirement, or was 'based on an unreasonable determination of the
26 facts in light of the evidence.'" Id. at 562-563, *citing* 28 U.S.C. § 2254(d)(1)-(2). On May 24,
27 2010, the Ninth Circuit further clarified its decision in Hayward, stating the following:

28        Through its state statutory and constitutional law, California has created a parole system

>that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness. Hayward, slip op. at 6327-30 (discussing, *inter alia*, In re Lawrence, 190 F.3d 535 (Cal.2008); In re Shaputis, 190 F.3d 573 (Cal.2008); and In re Rosenkrantz, 59 F.3d 174 (Cal.2002). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent 'some evidence' of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the 'some evidence' requirement in any particular case. It is therefore our obligation, as we held in Hayward, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'' Hayward, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

Pearson v. Muntz, 606 F.3d 606, 611 (9th Cir. 2010) (per curiam) (footnote omitted).

Petitioner correctly points out that Hayward has not changed the framework with respect to cases in which the Court finds no evidence to support a state-court decision denying a habeas petition in a life-term prisoner case. Pearson v. Muntz, 606 F.3d at 611-612; Cooke v. Solis, 606 F.3d 1206, 1214-1216 (9th Cir. 2010)  Having carefully reviewed the entire file, including the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

II.     Motion To Stay Proceedings Pending Appeal

Respondent has filed a motion to stay the judgment in this case pending resolution of appeal to the Ninth Circuit Court of Appeals pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.  Petitioner opposes the stay.

Rule 62(c) provides that if an appeal is taken from a final judgment granting an injunction, the court may exercise its discretion to suspend the injunction during the pendency of the appeal upon terms to secure the rights of the adverse party.  Fed.R.Civ.P. 62(c).  The factors that must be considered when determining whether a stay of release should be granted are set forth in the Supreme Court's decision of Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  In Hilton, the Court outlined the following four factors to consider: (1) whether the applicant has set forth a strong showing that he/she is likely to succeed on the merits; (2) whether the application will be irreparably harmed if stay not issued; (3) whether a stay will substantially injure other

interested parties; and (4) the public interests involved.  Id.  The Court will consider each of the following four factors separately.

### 1. Likelihood of Success on the Merits

Respondent argues that he has a likelihood of success on the merits based on the deferential standard of federal habeas review under AEDPA.  Respondent's argument relies primarily on the claim that there is no clearly established federal requirement applying the some evidence standard to parole determinations, and therefore it cannot be said that the state courts misapplied clearly established federal law.  However, for the reasons set forth in the Findings and Recommendations, the Court finds sufficient authority under existing Ninth Circuit law to find that the state court's conclusion that the commitment offense constituted "some evidence" to support the Governor's decision constituted an unreasonable application of California's some evidence standard.  Hayward, 603 F.3d 5620563.  Thus, Respondent has not demonstrated a likelihood of success on the merits.

### 2. Irreparable Harm to Respondent if Stay Not Imposed

Respondent argues that a stay is necessary to maintain the status quo pending the outcome of an appeal, and he may be deprived of an opportunity to seek a meaningful challenge to this Court's decision.  While Respondent's argument does have some merit, this Court and the Board of Parole Hearings' determined that Petitioner no longer remains a danger to public safety if released and Respondent would not be irreparably harmed if he were released.

### 3. Injury to Petitioner

Respondent argues that because Petitioner is serving an indeterminate life term, his "hope that he may someday be granted early release does not rise to the level of a significant hardship tipping the balance in his favor."  However, this Court agrees with the analysis of several other district courts that have addressed this very same argument.  More specifically, the Court agrees with the reasoning of the United States District Court for the Northern District of California, which stated, "[t]o remain in prison after a successful habeas petition injures [Petitioner] and extends the due process violation already recognized by the court."  McCullough v. Kane, No. C 05-02207 MHP, 2008 WL 512709 *6 (N. D. Cal. Feb. 25, 2008); Mezhbein v. Salazar, No. CV

06-8059-DOC-MLG, 2008 1908533 *3 (C. D. Cal. April 27, 2008) (finding stay pending appeal will substantially harm Petitioner as he will face prolonged incarceration even after it has been determined that the denial of parole was not supported by some evidence); see also Saldate v. Adams, 573 F.Supp.2d 1303, 1315 (E.D. Cal. July 10, 2008) (finding stay would substantially injure Petitioner and finding Hilton standard not met).

    4.    Public Interest

Respondent argues that the public has an interest in preserving the Governor's decision until Respondent has had the opportunity to pursue an appeal of this Court's decision. The Court does not find Respondent's argument persuasive as the public also has an interest in preserving this Court's decision as well as the Board of Parole's decision finding Petitioner suitable for release.

Based on the foregoing, the Court does not find that the Hilton factors have been met, and Respondent's motion for a stay pending appeal shall be denied.

III.    Temporary Stay of Order Pending Application to the Ninth Circuit

However, in the alternative, the Court will grant Respondent a temporary stay to file an application for a sta or other applicable interim relief pending an appeal to the Ninth Circuit Court of Appeals.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's March 24, 2010, order and entry of judgment is VACATED;
2. The Findings and Recommendation issued February 5, 2010, is ADOPTED IN FULL;
3. The Petition for Writ of Habeas Corpus is GRANTED;
4. The Board of Parole Hearings' (BPH) 2005 finding of suitability for release on parole be reinstated;
5. Respondent is directed to release Petitioner from custody within ten (10) days from the date of service of this order, subject to the terms and conditions set by the Board; and

6. This Order is **TEMPORARILY STAYED** for a period of fourteen (14) days for Respondent to file in the Ninth Circuit an application to stay pending appeal.

IT IS SO ORDERED.

Dated:     **September 30, 2010**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE